**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

THOMAS BODNAR,

Plaintiff,

v.

COUNTY OF RIVERSIDE, et al.,

Defendants.

No. ED CV 16-1825-DSF (PLA)

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

## I.

## INTRODUCTION

On November 28, 2016, the United States Magistrate Judge issued a Report and Recommendation, recommending that judgment be entered dismissing this action with prejudice. On February 3, 2017, plaintiff filed his "Objection to the Report and Recommendation and Request for Leave to Amend" ("Objs."; ECF No. 18), along with a separate "Request Leave to Amend" and a proposed Second Amended Complaint (ECF No. 17).

## II.

## DISCUSSION

In his Objections, plaintiff attempts to circumvent the dismissal of his Second Case raising the same claims that he raises in this action. As plaintiff states in his conclusion to the Objections,

he is attempting to show "that the Second Case was improperly dismissed." (Objs. at 26.) Plaintiff argues that res judicata does not apply because he did not have a "fair and full opportunity" to litigate the Second Case, but this contention is based on his argument that the dismissal was "improper" because the claims should not have been found to be untimely, and he was not given an opportunity to amend the pleading to show that they were timely. (Objs. at 6, 9-11.) The Second Case, however, was dismissed as untimely, the Ninth Circuit affirmed the dismissal, and plaintiff's subsequent motion to reopen the case based on an alleged erroneous ruling of law was rejected. (See R&R at 3.) Plaintiff cannot now argue in this action that the dismissal of his earlier case was incorrect. Nothing in the Objections alters the finding that res judicata bars plaintiff from raising his claims of excessive force during his arrest and the failure to provide medical attention immediately following the arrest. (See R&R at 8.)

Second, plaintiff is mistaken in stating that the R&R found that "the civil rights claims that the plaintiff raised in these three actions filed in this court did not pertain to criminal charges in Superior Court." (Objs. at 10.) The portion of the R&R that plaintiff cites rejected plaintiff's contention that he was entitled to tolling pursuant to Cal. Gov't Code § 945.3 for the **pendency of his federal civil rights cases**. (See R&R at 8-9.) Plaintiff now argues in his Objections that he should be entitled to tolling pursuant to Cal. Gov't Code § 945.3 from the time of his arrest on January 6, 2006, through the "pending charges in Superior Court." (Objs. at 10.) But this argument is merely another attempt to overturn the dismissal of the Second Case as untimely, which plaintiff cannot do in this action.

Third, plaintiff's argument that he should be entitled to equitable tolling because he suffered an "unjust technical forfeiture" is not persuasive. Plaintiff cites Jones v. Blanas, 393 F.3d 918, 928 (9th Cir. 2004) (see Objs. at 13-14), but this case pertains to statutory tolling language that limited tolling for the disability of imprisonment to individuals imprisoned on criminal charges, excluding civil detainees. Because the reasons for the statutory tolling provision for incarceration applied equally to civil detainees, the Ninth Circuit held that a civil detainee should be entitled to the benefit of tolling for imprisonment despite being excluded by the language of the statute. Jones,

393 F.3d at 928-29. Here, plaintiff's argument for equitable tolling is premised on the allegedly "improper" dismissal of the Second Case, which is not similar in any respect to the inequitable application of a statute to different classes of litigants.

Fourth, plaintiff appears to be arguing that he is pleading "new or additional facts" in this action that he should have been allowed to add to the Second Case. (Objs. at 15-16.) But Plaintiff does not allege any new facts. He merely sets forth his legal arguments that he is entitled to tolling under Cal. Gov't Code § 945.3 and other state law provisions.

Further, the R&R found that, to the extent that plaintiff is raising claims for inadequate medical care **subsequent** to his arrest that he did not raise in his Second Case, Cal. Gov't Code § 945.3 is inapplicable to any such claims because the claims do not pertain to the criminal charges against plaintiff. (See R&R at 9; Objs. at 7, 19.) Plaintiff does not cite any case law to contradict this finding.

Moreover, the proposed Second Amended Complaint includes a section entitled "Facts Supporting Timeliness" (ECF No. 17-1 at 8-9) that omits his earlier filed federal actions. Plaintiff argues in the proposed pleading that the claims he raises here are timely because he is entitled to tolling under Cal. Gov't Code § 945.3. Plaintiff's proposed amendments cannot alter the fact that his claims are barred by res judicata, or that the claims pertaining to plaintiff's subsequent medical care are untimely. Accordingly, leave to amend is futile.

## III.

## CONCLUSION

Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Complaint, the other records on file, the Magistrate Judge's Report and Recommendation, plaintiff's Objections to the Report and Recommendation, and his Request to file a Second Amended Complaint. The Court has engaged in a de novo review of those portions of the Report and Recommendation to which objections have been made. The Court accepts the recommendations of the Magistrate Judge.

ACCORDINGLY, IT IS ORDERED:

1. The Report and Recommendation is accepted;

2. The First Amended Complaint is dismissed without leave to amend;

3. Plaintiff's request for leave to amend and file a Second Amended Complaint is **denied**; and

4. Judgment shall be entered dismissing this action.

DATED: 2/13/17

Dale S. Fischer

HONORABLE DALE S. FISCHER
UNITED STATES DISTRICT JUDGE